UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


LINDA DURKIN,

                    Petitioner,

vs.                              Case No.   2:09-cv-430-FtM-29SPC
                                 Case No.   2:08-cr-18-FtM-29SPC

UNITED STATES OF AMERICA,

                    Respondent.
_____


**OPINION AND ORDER**

      This matter comes before the Court on petitioner Linda
Durkin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr.
Doc. #24)[1] filed on July 7, 2009.  The United States filed its
Response in Opposition to Petitioner's Motion to Vacate, Set Aside,
or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on August 4, 2009
(Cv. Doc. #10).  Petitioner thereafter filed Responses (Cv. Docs.
## 11, 14, 20).  Additionally, petitioner filed the following other
motions: Motion Second Requesting Documentation (Cv. Doc. #16);
Motion Requesting Documentation According to Rule 6 (Cv. Doc. #19);
Motion to Allow the Attached Documents As Additional Evidence to
Original 2255 Motion That Was Filed on July 7, 2009 (Cv. Doc. #21);

_____

      [1]The Court will make references to the dockets in the instant
action and in the related criminal case throughout this opinion.
The Court will refer to the docket in the civil habeas case as "Cv.
Doc.", and will refer to the underlying criminal case as "Cr. Doc."

Motion Requesting Evidentiary Hearing (Cv. Doc. #22); and Motions Requesting Documentation (Cr. Docs. ## 33, 34). For the reasons set forth below, the § 2255 motion and additional motions are denied.

## I.

On February 20, 2008, the United States filed a one-count felony Information which charged Linda Durkin (Durkin or petitioner) with engaging in a monetary transaction affecting interstate commerce using criminally derived property with a value greater than $10,000, in violation of 18 U.S.C. §§ 1957 and 2. (Cr. Doc. #2.) The specified unlawful activity was wire fraud, and the specific transaction related to a $150,000 transfer. A Forfeiture provision was included in the Information. A signed Plea Agreement (Cr. Doc. #3) was filed the same day indicating, among other things, that petitioner would plead guilty to the charge in the Information and the United States would not charge her with any other known federal offenses. The Factual Basis portion of the Plea Agreement referred to both the $150,000 transaction and the $3,469,270.00 total amount of petitioner's mortgage fraud scheme. (Cr. Doc. #3, pp. 14-17.)

On March 12, 2008, petitioner appeared with retained counsel before the assigned magistrate judge. Petitioner signed a written consent to the filing of the Information (Cr. Docs. ## 1, 8) and pled guilty to the Information pursuant to the Plea Agreement. (See also Cr. Doc. #15.) On August 18, 2008, petitioner was

sentenced to 70 months imprisonment, supervised release of 36 months, and restitution in excess of $3.4 million. (Cr. Docs. #21, 22.) No direct appeal was filed, but petitioner filed a timely motion pursuant to § 2255 on July 7, 2009.

## II.

Petitioner's § 2255 Petition sets forth four grounds, all asserting ineffective assistance of counsel. While the § 2255 motion appears to challenge both the conviction and sentence, petitioner's Responses (Cv. Docs. ## 11, 14, 20) state that she is only challenging "my sentence, enhancement and dollar amount." The Court reviews the § 2255 motion and other documents filed by petitioner liberally because of her *pro se* status. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

### A. Waiver of § 2255 Provision in Plea Agreement

The government asserts that petitioner waived her right to pursue § 2255 relief relating to her sentence. (Cv. Doc. #10, pp. 8-10). After review of the record, the Court agrees.

It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). To be enforceable, the government must demonstrate either that the district court specifically questioned the defendant concerning the sentence waiver provision during the guilty plea colloquy or that it is

clear from the record that defendant otherwise understood the full significance of the waiver. <u>United States v. Johnson</u>, 541 F.3d 1064, 1066 (11th Cir. 2008); <u>Bushert</u>, 997 F.2d at 1351.

Here, petitioner's Plea Agreement contained the following provision:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guideline range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Cr. Doc. #3-1, pp. 11-12)(emphasis in original). The magistrate judge confirmed in the plea colloquy that the Plea Agreement had been read and understood by petitioner, discussed with counsel, and each page initialed by petitioner. (Cv. Doc. #10-2, pp. 8-9.) Additionally, the magistrate judge called the waiver provision to petitioner's attention during the plea colloquy, and determined that the Plea Agreement and waiver of the right to appeal the sentence or to challenge it collaterally on any grounds was entered into knowingly and voluntarily. (Cv. Doc. #10-2, pp. 15-16, 30-31). The Court finds that the waiver was clearly knowing and

voluntary under <u>Bushert</u>, 997 F.2d at 1350, and its progeny. Therefore, the waiver is proper and effective. <u>United States v. Grinard-Henry</u>, 399 F.3d 1294, 1296 (11th Cir. 2005). Since the waiver expressly referred to collateral proceedings, and this was included in the discussion by the magistrate judge, the waiver applies to these § 2255 proceedings. <u>E.g.</u>, <u>Thompson v. United States</u>, 353 Fed. Appx (11th Cir. 2009).

The Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams</u>, 396 F.3d at 1342. Therefore, petitioner's waiver includes the right to raise ineffective assistance of counsel issues in connection with sentencing, and the § 2255 motion will be dismissed as to these issues on the basis of the valid waiver provision in the Plea Agreement.[2]

## B.  Non-Sentencing Ineffective Assistance of Counsel Claims

As discussed above, petitioner appears to claim various acts of ineffective assistance which relate to the entry of her guilty plea as well as to the sentencing. While petitioner has consistently said she does not wish to challenge the validity of

---

[2]For the reasons set forth in the succeeding section, the Court finds that petitioner's guilty plea was entered freely, voluntarily, and knowingly.

the conviction, only the length of the sentence (Cv. Doc. #11, ¶¶ 1, 11, 14; Cv. Doc. #14, ¶¶ 1, 15; Cv. Doc. #20, ¶¶ 1, 15), she has nonetheless repeated her allegations of acts and omissions which she alleges constitute ineffective assistance of counsel. (Cv Docs. ## 11, 14, 20.) The § 2255 waiver provision relates only to sentencing issues, <u>supra</u> at p. 4, but because petitioner is proceeding *pro se*, the Court will also review petitioner's ineffective assistance of counsel claims as they relate to the guilty plea.

As it relates to non-sentencing issues, petitioner asserts that counsel never provided her with records of any of the business deals in question or accounting documents for review; never requested or researched any financial details for the business transactions in question; never requested, interviewed, or presented any witnesses on her behalf to substantiate or refute her testimony; failed to disclose that his wife was an Assistant U.S. Attorney in the office which was prosecuting her; advised her to sign a Plea Agreement without an exact dollar amount; never told her what she would be facing; never interviewed or questioned the corporate attorney about the transactions and the attorney's advice to petitioner that she should continue with the transactions; never questioned or deposed officials of Impac or audit reports; failed to explain why the charge was money laundering instead of wire fraud; and failed to take enough time to discuss the case with her.

For the reasons stated below, the Court finds petitioner is not entitled to relief. (<u>See generally</u> Cv Docs. ## 1, 11, 14, 20.)

**(1)**

"A guilty plea is more than a confession which admits that the accused did various acts. [ ] It is an admission that he committed the crime charged against him. [ ] By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." <u>United States v. Broce</u>, 488 U.S. 563, 570 (1989)(internal quotations and citations omitted). For this reason, the United States Constitution requires that a guilty plea must be voluntary and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. <u>United States v. Ruiz</u>, 536 U.S. 622, 629 (2002); <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985). Generally, after a criminal defendant has pled guilty, she may not raise claims relating to the alleged deprivation of constitutional rights, which occurred prior to the entry of the guilty plea, but may only raise jurisdictional issues, <u>United States v. Patti</u>, 337 F.3d 1317, 1320 (11th Cir. 2003), attack the voluntary and knowing character of the guilty plea, <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance she received from her attorney in deciding to plead

guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of her guilty plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 explicitly directs the court not to accept a plea without determining these core concerns. FED. R. CRIM. P. 11. Therefore, on review, the Court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]." United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988)(citation and quotation omitted).

A defendant who fails to object to a Rule 11 error has the burden of satisfying the plain-error rule, Moriarty, 429 F.3d at 1019, and a reviewing court may consult the whole record when considering the effect of any error on substantial rights, United States v. Vonn, 535 U.S. 55, 74-75 (2002). A petitioner "will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255", and such relief is available "only in the most egregious cases." United States v. Dominguez Benitez, 542 U.S. 74, 83 n.9 (2004).

### (2)

At the change of plea hearing the magistrate judge personally addressed petitioner in open court. (Cv. Doc. #10-2.) Petitioner

signed a written consent to the filing of the Information, and stated that she wished to plead guilty to that Information. (<u>Id.</u> at 2-3.) Petitioner stated she discussed the matter with her attorney, and was comfortable waiving indictment. (<u>Id.</u> at 3.) The magistrate judge found that petitioner freely and voluntarily waived her right to indictment. (<u>Id.</u> at 3-4.)

The magistrate judge then read the Information to petitioner, who said she understood the charge and repeated that she wanted to plead guilty to the charge. (<u>Id.</u> at 4.) Petitioner was placed under oath, and informed by the magistrate judge that she would be asked a number of questions, that she was obligated to tell the truth, that any false statements or omissions would be subject to a prosecution for perjury, and that her testimony could be used against her in future proceedings. (<u>Id.</u> at 4-5.) Petitioner stated she understood these matters. (<u>Id.</u> at 5.)

Petitioner answered some biographic questions, and stated she had not recently been treated for any type of mental illness or the addiction to narcotic drugs, was not currently under the influence of any drugs, medication or alcoholic beverages, had not used any such thing in the last 48 hours, was not currently under the care of a physician or psychiatrist, did not suffer from any type of mental or emotional disability, and clearly understood where she was, what she was doing, and the importance of what she was doing. (<u>Id.</u> at 5-7.)

Petitioner stated she had received a copy of the Information, had read it over, understood it, had discussed it with her attorney, and had had enough time to discuss the Information with her attorney. (<u>Id.</u> at 7.) Petitioner stated she was satisfied with the services and advice given by her attorney, and had no complaints about what her attorney had or had not done on her behalf. (<u>Id.</u> at 8.) Both petitioner's counsel and government counsel agreed petitioner was competent to enter a guilty plea, and the magistrate judge found her competent. (<u>Id.</u>)

Petitioner stated that there was a Plea Agreement with the government, but that no one had threatened her or otherwise promised her anything in order to get her to plead guilty. (<u>Id.</u> at 8.) Petitioner was shown the original Plea Agreement, and she testified that she had read and initialed each page, signed the last page, discussed it with her attorney, and understood it. (<u>Id.</u> at 9.) Petitioner was advised of the maximum penalties, which she said she understood. (<u>Id.</u> at 12-13.) Petitioner told the magistrate judge that she and her attorney had discussed how the Sentencing Guidelines may apply in her case, and that her attorney had explained the various considerations which go into figuring out the guideline range. (<u>Id.</u> at 12-13.) Petitioner stated she understood that the Sentencing Guidelines were advisory, and that neither the court nor petitioner's attorney could say where she would fall on the Guidelines. (<u>Id.</u> at 13-15.) Petitioner said she understood she would have an opportunity to object to the

Sentencing Guidelines determination. (Id. at 14.) Petitioner said she understood she was limiting her right to appeal by entering into the Plea Agreement. (Id. at 15-16.) Petitioner said she understood the possible penalties which applied if she pled guilty. (Id. at 18.)

Petitioner was then advised of all her rights by the magistrate judge, including her right to the effective assistance of an attorney at each stage of the criminal proceedings. (Id. at 18-20). Petitioner stated that she had carefully read the facts set forth in the Plea Agreement, that she agreed with all of those facts, and there were no facts she disagreed with. (Id. at 22, 24-25.) Petitioner told the magistrate judge what she had done which established her guilt (id. at 25-29), including her acknowledgment that the loans totaled $3,469,270 in financial losses (id. at 29). The magistrate judge found that petitioner's decision to plead guilty was freely, knowingly, intelligently and voluntarily made. (Id. at 30-31.)

**(3)**

There is a strong presumption that statements made by a defendant during the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a petitioner bears a heavy burden to show that her statements under oath were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made

by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

The record clearly establishes that petitioner was satisfied with the services provided by her attorney, received effective assistance of counsel, and that her guilty plea was freely, voluntarily, and knowingly entered. None of the alleged deficiencies petitioner now asserts amounts to such a failure to investigate as would constitute deficient performance. Petitioner does not deny her guilt, and her belief that others are also guilty does not render her attorney ineffective. There is no showing that a reasonably competent attorney would have done more, and petitioner stated under oath her satisfaction with counsel.

Petitioner does not claim that her attorney had a conflict of interest because of his wife's employment, and has not shown that the conflict adversely affected counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980); Mickens v. Taylor, 535 U.S. 162, 172 n.5 (2002). The conflict cannot be merely possible, speculative, or hypothetical. Reynolds v. Chapman, 253 F.3d 1337, 1342 (11th Cir. 2001).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

3. Petitioner's Motion Second Requesting Documentation (Cv. Doc. #16) is **DENIED.**

4. Petitioner's Motion Requesting Documentation According to Rule 6 (Cv. Doc. #19) is **DENIED.**

5. Petitioner's Motion to Allow the Attached Documents As Additional Evidence to Original 2255 Motion That Was Filed on July 7, 2009 (Cv. Doc. #21) is **GRANTED**, and the Court has considered the document.

6. Petitioner's Motion Requesting Evidentiary Hearing (Cv. Doc. #22) is **DENIED.**

7. Petitioner's Motion Requesting Documentation (Cr. Doc. #33) is **DENIED.**

8. Petitioner's Motion Requesting Documentation (Cr. Doc. #34) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of April, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Linda Durkin